**Sandra MELTON, mother and next friend of Sheila White, a minor, and Joe White, a minor, Plaintiff,**

v.

**Janice J. WHITE and Office of Servicemen's Group Life Insurance, a subsidiary of Prudential Insurance Company, Defendants.**

No. CIV–93–1971–A.

United States District Court, W.D. Oklahoma.

March 18, 1994.

See also 848 F.Supp. 1513.

Edward W. Dzialo, Jr., Godlove Joyner Mayhall Dzialo, Dutches & Erwin, Lawton, OK, for Sandra Melton.

Kathryn D. Mansell, Reggie N. Whitten, Mills Whitten Mills Mills & Hinkle, Oklahoma City, OK, for Janice J. White.

Arlen E. Fielden, Mark D. Spencer, Crowe & Dunlevy, Oklahoma City, OK, for Office of Servicemen's Group Life Ins., a subsidiary of Prudential Ins. Co.

**ORDER**

ALLEY, District Judge.

Before the Court is defendant Prudential Insurance Company's Statement Regarding Subject Matter Jurisdiction And Motion To Realign Parties. In its motion, Prudential raises the concern that, should it be discharged from this action, jurisdictional problems might arise because of the lack of diversity between plaintiff Sandra Melton and defendant Janice White (both Oklahoma citizens). To remedy this potential problem,

Prudential suggests that the Court realign the parties to create complete diversity between itself and both White and Melton. Plaintiff has not responded to Prudential's motion, presumably because she believes that subject matter jurisdiction exists. However, defendant White has responded indicating that she has no particular objection to realignment, but questions whether such a maneuver would be necessary unless subject matter jurisdiction did not exist. For the following reasons, the Court denies Prudential's motion.

▮ In cases involving claims under the Servicemen's Group Life Insurance Act ("the Act"), original jurisdiction is conferred upon the federal court in any case against the United States. 38 U.S.C. § 1975 (West 1991). The statutes are mute, however, with respect to whether federal subject matter jurisdiction would exist in an interpleader case not against the United States involving parties of non-diverse citizenship (such as the case at bar). Prudential observes that several courts have found that some independent basis of jurisdiction, such as diversity, is necessary in order for the federal court to retain jurisdiction. *See, e.g., Prudential Insurance Co. v. Coffman,* 829 F.2d 1120 (4th Cir.1987).

However, defendant also notes that other courts have not found an independent jurisdictional basis to be necessary, beyond the language of the Act itself. *See Prudential Insurance Co. v. Tomaszek,* No. 90–C–6892, 1992 WL 26734, at *1 (N.D.Ill. Feb. 7, 1992) ("[S]ubject matter jurisdiction exists here nonetheless, because this action unquestionably implicates federal statutory law and regulations issued under the authority of those statutes."). The court in *Tomaszek* noted, citing *Ridgway v. Ridgway,* 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981), that claims under the authority of the Act would necessarily require construing federal law in order to determine who was entitled to the insurance proceeds. *Id.* Thus, although not explicitly stated by the *Tomaszek* court, jurisdiction would be conferred on the basis of 28 U.S.C. § 1331.

Other courts have concluded, in a much more roundabout manner, that jurisdictional provisions similar to 38 U.S.C. § 1975 conferred subject matter jurisdiction on the federal courts under § 1331. *See, e.g., National Treasury Employees Union v. Campbell,* 589 F.2d 669, 676–77 (D.C.Cir.1978) (interpreting the intent behind a provision of the Federal Employees Health Benefits Act, 5 U.S.C. § 8912, and holding that § 1331 would permit jurisdiction over claims not directly against the United States). Moreover, federal courts have been permitted to exercise jurisdiction over claims against non-governmental parties, in cases where there were also claims against the United States, when federal jurisdiction was expressly conferred by statute. *See Shannon v. United States,* 417 F.2d 256, 263 (5th Cir.1969) (allowing the federal court to hear claims against both the United States and Prudential Insurance Co. under the Servicemen's Group Life Insurance Act since "[b]oth defendants are carrying out a program provided by federal law and exemplifying our strong national policy of concern for uniformed servicemen and the welfare of their families."); *Barnes v. United States,* 307 F.2d 655 (D.C.Cir.1962) (interpreting the Tucker Act, 5 U.S.C. § 2103, to permit district court jurisdiction over civil actions and claims "founded upon the Act"); *Johnston v. United States,* 546 F.Supp. 879, 883 (D.Kan.1982) (holding that the district court retained jurisdiction over claims against non-diverse defendants that were similar to claims against the United States when jurisdiction was conferred by the Federal Tort Claims Act).

Given the views expressed in the foregoing authorities, the Court is satisfied that it has subject matter jurisdiction over the controversy at hand. A determination of who is entitled to the proceeds of the insurance policy necessarily requires an interpretation of federal law as expressed in the Act. It would be anomalous to allow the Court's jurisdiction in this circumstance to evaporate merely because Prudential was discharged from the case. Such a result would permit claimants of diverse state citizenship to retain the benefit of a federal forum while forcing non-diverse claimants with claims founded upon the same statute to be forced out of federal court. The non-diverse parties

should "not be required to bounce from court to court to try to find which shell the pea is under." *Shannon,* 417 F.2d at 263.

■ Given that subject matter jurisdiction exists by virtue of the claims being brought under federal law, the Court declines to realign the parties in an effort to stave off some imagined future jurisdictional challenge. Prudential's Motion To Realign Parties is DENIED.

It is so ordered.